﻿Citation Nr: AXXXXXXXX
Decision Date: 09/30/19 Archive Date: 09/30/19

DOCKET NO. 190510-9084
DATE: September 30, 2019

ORDER

An initial rating of 70 percent for post-traumatic stress disorder (PTSD) is granted.

FINDING OF FACT

The Veteran’s PTSD more closely approximate an occupational and social impairment with deficiencies in most areas, such as work, school, family relations, judgment, thinking and/or mood.

CONCLUSION OF LAW

The criteria for an initial 70 percent disability rating for PTSD, but not higher, have been met. 38 U.S.C. §§ 1155 (West 2012); 38 C.F.R. §§ 3.102, 4.1, 4.3, 4.7, 4.126, 4.130, Diagnostic Code (DC) 9411 (2018).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from July 1971 to February 1976.

In March 2019, the Board granted service connection for PTSD. In April 2019, the AOJ implemented that decision and assigned an initial zero percent disability rating, effective August 1, 2014. 

The Veteran selected the Higher-Level Review lane when he timely appealed this rating decision in a May 2019 Board Appeal and requested “direct review” of the evidence considered by the Agency of Original Jurisdiction (AOJ). By selecting “direct review” of the evidence, the Board must base its decision on the evidence that was before the AOJ at the time of the April 2019 decision. Evidence added to the claims file thereafter may not be considered. 84 Fed. Reg. 138, 182 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 20.300). 

Initial Increased Rating

Disability ratings are determined by application of the criteria set forth in VA’s Schedule for Rating Disabilities, which is based on average impairment of earning capacity. 38 U.S.C. § 1155 (West 2012); 38 C.F.R. Part 4 (2018). When a question arises as to which of two ratings applies under a particular diagnostic code, the higher rating is assigned if the disability more closely approximates the criteria for the higher rating. Otherwise, the lower rating applies. 38 C.F.R. § 4.7 (2018). After careful consideration of the evidence, any reasonable doubt remaining is resolved in favor of the Veteran. 38 C.F.R. § 4.3 (2018).

The criteria for evaluating PTSD is found in the General Rating Formula for Mental Disorders, under 38 C.F.R. § 4.130, Diagnostic Code 9411. A 10 percent rating is warranted where a mental condition has been formally diagnosed, but symptoms are not severe enough either to interfere with occupational and social functioning or to require continuous medication.

A 30 percent rating is warranted where there an occupational and social impairment with occasional decrease in work efficiency and intermittent periods of inability to perform occupational tasks, although generally functioning satisfactorily, with normal routine behavior, self-care and conversation.

A 50 percent rating is warranted where there is occupational and social impairment with reduced reliability and productivity due to such symptoms as flattened affect; circumstantial, circumlocutory, or stereotyped speech; panic attacks more than once a week; difficulty in understanding complex commands, impairment of short and long-term memory; impaired judgment; impaired abstract thinking; disturbances of motivation and mood; and, difficultly in establishing and maintaining effective work and social relationships. Id.

A 70 percent rating is warranted where there is occupational and social impairment with deficiencies in most areas, such as work, school, family relations, judgment, thinking, or mood, due to such symptoms as: suicidal ideation; obsessional rituals which interfere with routine activities; speech intermittently illogical, obscure, or irrelevant; near-continuous panic or depression affecting the ability to function independently, appropriately and effectively; impaired impulse control (such as unprovoked irritability with periods of violence); spatial disorientation; neglect of personal appearance and hygiene; difficulty in adapting to stressful circumstances (including work or a work like setting); and inability to establish and maintain effective relationships. Id. 

A 100 percent rating requires total occupational and social impairment, due to such symptoms as: gross impairment in thought processes or communication; persistent delusions or hallucinations; grossly inappropriate behavior; persistent danger of hurting self or others; intermittent inability to perform activities of daily living (including maintenance of minimal personal hygiene); disorientation to time or place; and, memory loss for names of close relatives, own occupation, or own name. Id.

The Veteran has been service-connected for PTSD at a zero, non-compensable rating, under DC 9411.

The evidence includes the Veteran’s reports of depressed mood, disturbances of motivation and mood, irritability and angry outbursts, occasional suicidal ideation. See e.g. July 2014 Mental Health Note; see also August 2014 Psychiatry E & M Note; see too February 2015 Mental Health Nursing Note.

Additionally, the medical evidence also includes a January 2019 private medical opinion from a psychologist, Dr. J.M., which provides a comprehensive, detailed evaluation of the severity of the Veteran’s PTSD. Specifically, in this medical opinion, Dr. J.M. summarized the functional impact of the Veteran’s PTSD as “very severe and persistent limitations of social and occupational functioning” since he returned from Vietnam in 1976. He notes that the ‘record is replete with evidence of deficiencies in most areas, including work and family relations. In pertinent part, Dr. J.M. explained that at work, the Veteran has a difficult time concentrating on his job; and the Veteran reported that he has gotten angry at work, and that it did not take much for him to throw things at people. With respect to family relations, Dr. J.M. noted that the Veteran’s wife added that the Veteran isolates and does not go out anymore, as he has pulled away from her and has no friends, describing that as a sad life. Dr. J.M. additionally noted that the Veteran impulse control is very poor, noting, as one of a few examples, that the Veteran reported that he had to go get his eyes checked because on his way to his appointment, he was having some panic attacks, sometimes he has suicidal thoughts, thinking “when I am angry, I sometimes think I would be better off dead” and having outbursts of anger “at the drop of a hat”, where anything can set him off, with “verbally yelling, screaming and throwing things, lack of energy, and crying spells.” Dr. J.M. noted that the Veteran also reported that his wife is terrified of him; and although he has not hit anyone or harmed them yet, he is worried that he might harm someone. He, thereby, concluded that these are all factors that make functioning independently, appropriately, and effectively impossible, and that the Veteran has extreme difficulty with adapting to stressful circumstances, including work or a worklike setting.

In this regard, the Board finds that an increased initial rating for the Veteran’s service-connected PTSD is warranted. Summarily, the overall probative evidence shows that the Veteran’s PTSD more closely approximates an occupational and social impairment with deficiencies in most areas, such as work, school, family relations, judgment, thinking, or mood, due to symptoms, such as inability to establish and maintain effective work and social relationships, occasional suicidal ideation; impaired impulse control, including unprovoked periods of irritability; difficulty with adapting to stressful circumstances, including work or a worklike setting. Pertinently, the symptoms and manifestations, as described and discussed in the Veteran’s private medical opinion are consistent with the complaints, symptoms and manifestations of his PTSD in his treatment records. Additionally, and as noted above, Dr. J.M. described the severity of the Veteran’s PTSD, which he determined is related to his major depressive disorder, as “very severe and persistent limitations of social and occupational functioning.” 

However, a rating in excess of 70 percent is not warranted because total occupational and social impairment is not shown, as the frequency, severity, and duration of the manifestations and symptoms typically associated with a 100 percent rating, such as, for example, gross impairment in thought processes or communication; persistent delusions or hallucinations; grossly inappropriate behavior; disorientation to place or time; or a persistent danger of hurting self or others are not shown. 

Based on the January 2019 private medical opinion and treatment records, no assertions and/or observations of hallucinations, a persistent danger of hurting himself or others, and/or himself were reflected, even though the Veteran indicted that he was worried that he might harm someone, one day. Despite some evidence of an inability to establish and maintain effective work and social relationship, and even though his wife stated that the Veteran does not have any friends, the evidence has not shown total social impairment, as he maintains a functional relationship with his family. Specifically, the Veteran has been married to his wife for more than seven years, and he reported that his marriage is “good”, he maintains contact with some family members, including his daughter, siblings and other relatives, and specifically, talks to his mom every weekend, even though he rarely visits his family, because he does not like leaving the home. See July 2014 Mental Health E & M Note. Additionally, at his private examination, on mental status examination, Dr. J.M. reported that based on his experience and training and his careful observation, the Veteran was forthright and honest with his statements, and thus, this is suggestive of the Veteran’s exercise of good judgment. Further, he also observed that the Veteran presented on time for his evaluation; his hygiene and grooming were good; he was dressed appropriately for his age and situation; his gross motor functioning appeared to be normal; his speech was unremarkably in fluency or inflection; he was open, frank and engaged in interview; his approach to interview was cooperative and compliant; he smiled infrequently; he was alert and oriented to all spheres and thought processes were logical and goal directed, with no significant signs of distractibility; he exhibited normal comprehension and expression, as evidenced by following simple directions nad by responding to questions directly and on point; no disordered thought processes were observed; there was no obvious, evidence of sensory impairment; the Veteran appeared to have intact judgment and impulse control, as demonstrated by his behavior during the interview, even though he stated, on several times, at the examination, that his anger is easily provoked. Summarily, none of these above-mentioned factors are tantamount and/or suggestive of a total occupational and social impairment. Therefore, an increased, initial rating of no higher than 70 percent is warranted for the service-connected PTSD.

 

 

M. Tenner

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Vanessa-Nola Pratt, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.